## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LAKESHIA WILLIAMS**                                    **CIVIL ACTION NO.**

**VERSUS**                                                       **23-1645-JWD-EWD**

**ENTERGY SERVICES LLC, ET AL.**

### <u>ORDER</u>

Before the Court is the "Motion to Request Extension for Process Service and Request for Court to Stay Ruling on Shayla Atkins Motion to Dismiss Court's Judgment on Granting Motion for Clerk's Entry of Default,"[1] filed by Lakeshia Williams ("Plaintiff"). Through the Motion, Plaintiff seeks an additional 30 days to file service information into the record for Defendants Christopher Darden ("Darden") and Jason Rees ("Rees"). Plaintiff explains that additional time is necessary to provide service information for Rees, who was successfully served in Arkansas but for whom proof of service has not been received, and for Darden, for whom service was delayed because Plaintiff had a "bad address." Plaintiff also requests that the Court "grant a stay for ruling on Defendant Shayla Atkins' motion to dismiss Court's judgment for entry of default until Plaintiff may have sufficient time to prepare and submit an adequate motion to request the Court to deny Defendant Atkins dismissal motion and also to prepare an adequate motion for summary judgment against Defendant Atkins." Additional briefing is not necessary. The Motion will be granted in part.

### *Extension of Time to Serve*

Fed. R. Civ. P. 4(m) provides for the dismissal of an action without prejudice if a plaintiff fails to serve the defendant within 90 days of the filing of the complaint. However, if a plaintiff

---

[1] R. Doc. 53.

shows good cause for the failure to serve the defendant within the 90-day period, the court must extend the time for service for an appropriate period.  To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[2]  Whether a plaintiff has made a showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[3]  Good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.[4]

Plaintiff filed her Complaint December 5, 2023 alleging employment discrimination claims.[5] She moved for leave to amend her Complaint and requested an extension of time to serve,[6] which requests were granted by the Court.[7] At that time, Plaintiff was ordered to file adequate service information into the record for all defendants by no later than April 5, 2024.[8]  To date, all defendants but Darden and Rees have appeared.  Plaintiff, who is representing herself, has explained the need for additional time, timely sought the requested relief, and no party appears to be prejudiced by the additional time to serve as most defendants who have appeared have obtained extensions of time to file responsive pleadings. Accordingly, Plaintiff's request for an additional 30-day extension to file service information into the record for Defendants Christopher Darden and Jason Rees will be granted for good cause.

*Stay of Ruling on Defendant Shayla Atkins' Rule 55(c) Motion to Set Aside Default and for Extension of Time to Plead*

On April 1, 2024, Plaintiff filed a Motion for Request of Clerk's Entry of Default against

---

[2] *Winters v. Teledyne Mobile Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969).
[3] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[4] *Id*.
[5] R. Doc. 1.
[6] R. Docs. 5, 6.
[7] R. Doc. 7.
[8] *Id*.

8 defendants, including Shayla Atkins ("Atkins").[9] Attached to the Motion for Entry of Default was Proof of Service that Atkins was personally served in Texas on March 8, 2024.[10] The next day, Plaintiff filed an Amended Motion to Request for Clerk's Entry of Default, which sought a clerk's entry of default against 10 defendants. Atkins was still included.[11] The Clerk of Court denied entry of default as to all defendants, except Atkins, on April 2, 2024.[12] Also on April 2, 2024, Atkins appeared through counsel and filed a Rule 55(c) Motion to Set Aside Default and for Extension of Time to Plead ("Motion to Set Aside Default").[13] On April 8, 2024, Atkins also filed a Rule 12(b)(6) Motion to Dismiss in response to Plaintiff's complaint.[14]

Plaintiff's request for a stay on the ruling as to Atkins' Motion to Set Aside Default will be denied. The issue of whether the clerk's entry of default as to Atkins will be set aside must be decided before either her pending motion to dismiss or any to-be-filed motion for summary judgment Plaintiff proposes. Under Local Civil Rule 7(f), Plaintiff's response to Atkins' Motion to Set Aside Default is due by April 23, 2024. If Plaintiff wants additional time to respond to Atkins' Motion to Set Aside Default, she may file an appropriate motion requesting such relief with an adequate explanation as to why she is unable to comply with the applicable time limitations. Plaintiff is expressly advised that any response must address the applicable law on default, as succinctly set out in *Banks v. Kottemann Law Firm*, Nos. 19-375/20-340, 2021 WL 1227619, at **5-6 (M.D. La. March 31, 2021) (deGravelles, J.) as follows:

> According to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c); [In re] *Dierschke*, 975 F.2d [181] at 183 [5th Cir. 1992]. "The decision to set aside a default decree lies within the

---

[9] R. Doc. 27.
[10] R. Doc. 27, p. 6. Under Fed. R. Civ. Proc. 12(a)(1)(A)(i), Atkins' responsive pleadings were due by no later than March 29, 2024.
[11] R. Doc. 42.
[12] R. Doc. 43.
[13] R. Doc. 47.
[14] R. Doc. 56.

sound discretion of the district court." *U.S. v. One Parcel of Real Prop., 763 F.2d 181, 183* (5th Cir. 1985) (citation omitted). However, courts "universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (quoting *Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954)). In addition, motions to set aside a default are more readily granted than motions to set aside a default judgment. *Id.* at 184; *One Parcel*, 763 F.2d at 183 ("Although a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.") (citations omitted).

In deciding whether a defendant has shown good cause, "courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy [v. Sitel Corp.]*, 227 F.3d [290] at 292 [5th Cir. 2000) (emphasis added); see also *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (outlining the same factors). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Effjohn Intern. Cruise Holdings Inc. v. A&L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003). However, the Court need not consider all of the factors in reaching a determination. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Dierschke*, 975 F.2d at 183 (finding the factors should be treated in the disjunctive)). And "[t]he ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default." *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 64 (5th Cir. 1992) (citing *Dierschke*, 975 F.2d at 184).

Plaintiff is also advised that failure to timely respond will result in Atkins' Motion to Set Aside Default being considered as unopposed.  Accordingly,

   **IT IS ORDERED** that the "Motion to Request Extension for Process Service and Request for Court to Stay Ruling on Shayla Atkins Motion to Dismiss Court's Judgment on Granting Motion for Clerk's Entry of Default,"[15] filed by Plaintiff Lakeshia Williams, is **GRANTED IN PART**.  Plaintiff shall file adequate service information into the record of this matter for

---

[15] R. Doc. 53.

Defendants Christopher Darden and Jason Rees, as required by Federal Rule of Civil Procedure 4(l), by no later than **May 13, 2024**.  The Motion is **DENIED** in all other respects, specifically including denial of Plaintiff's request for a stay of consideration of Defendant Shayla Atkins' Rule 55(c) Motion to Set Aside Default and for Extension of Time to Plead.  If Plaintiff desires additional time to respond to Atkins' Motion to Set Aside Default, she may file an appropriate motion requesting such relief with an adequate explanation as to why she is unable to comply with the current time limitations.  Plaintiff is expressly advised that any response must address the applicable law on default, as explained in this Order, and that failure to timely respond will result in the Motion to Set Aside Default being considered as unopposed.

 **IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Order to Plaintiff Lakeshia Williams, at the address listed on PACER, by regular and certified mail, return receipt requested.

 Signed in Baton Rouge, Louisiana, on April 12, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**