UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LAKESHIA WILLIAMS**                                    **CIVIL ACTION NO.**

**VERSUS**                                                           **23-1645-JWD-EWD**

**ENTERGY SERVICES LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LAKESHIA WILLIAMS**                                              **CIVIL ACTION NO.**

**VERSUS**                                                         **23-1645-JWD-EWD**

**ENTERGY SERVICES LLC, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, and ORDER

Local Civil Rule 7(f) of this Court requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. In this case, Defendants have filed the following motions to which Lakeshia Williams ("Plaintiff") has not responded:

| Pleading | Filer | Date Filed |
|---|---|---|
| Rule 55(c) Motion to Set Aside Default and For Extension of Time to Plead (R. Doc. 47) | Defendant Shayla Atkins | April 2, 2024 |
| Rule 12(b)(6) Motion to Dismiss on Behalf of Shayla Atkins and Nicholas Winiewicz, Jr. (R. Doc. 56) | Defendants Shayla Atkins and Nicholas Winiewicz | April 8, 2024 |
| Rule 12(b)(6) Motion to Dismiss on Behalf of Marlon Merritt, Robert Moore, Kya Moller, Melanie Fite, Jason Rees, Amy Amerson, Angela Stripling, Trené Beasley, Allen East, Scott Becnel, Joshua Vance, and Eric Vickers (R. Doc. 65) | Defendants Marlon Merritt, Robert Moore, Kya Moller, Melanie Fite, Jason Rees, Amy Amerson, Angela Stripling, Trené Beasley, Allen East, Scott Becnel, Joshua Vance, and Eric Vickers | April 17, 2024 |
| Rule 12(b)(6) Motion for Partial Dismissal on Behalf of Entergy Services, LLC (R. Doc. 66) | Defendant Entergy Services, LLC | April 19, 2024 |
| Rule 12(b)(6) Motion to Dismiss on Behalf of Christopher Darden (R. Doc. 74) | Defendant Christopher Darden | May 10, 2024 |

On April 30, 2024, Plaintiff, who is representing herself, received an extension of time until May 10, 2024 to respond to the Rule 55(c) Motion to Set Aside Default and for Extension of Time to Plead ("Motion to Set Aside Default"), filed by Defendant Shayla Atkins.[1] To date,

---
[1] R. Doc. 70.

Plaintiff has not filed an opposition to the Motion to Set Aside Default, nor has she sought an extension of time or responded to any of the other pending motions. This is true even though Plaintiff was expressly told by the Court on May 30, 2024 that she had not timely responded to any pending motions and that the time to do so had expired for all but one motion.[2] As the time period to respond has expired for all pending motions without response from Plaintiff, the motions are deemed unopposed. Additionally, the motions have merit, as further explained, below.

*Motion to Set Aside Default (R. Doc. 47)*

The Motion to Set Aside Default was filed the same day Plaintiff received a clerk's entry of default against Defendant Atkins.[3] As explained in the Motion to Set Aside Default, under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause ..." The factors to be considered in deciding whether good cause exists are 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" "Other factors, such as whether the party acted expeditiously to correct the default, may also be considered."[4] Atkins explains that her failure to respond was not willful and, although Atkins has not yet filed an answer to the allegations in Plaintiff's Complaint, she has offered defenses in the form of a Rule 12(b)(6) Motion to Dismiss, which, as explained below, has merit.[5] Because Atkins moved quickly to cure the entry of default, no prejudice to Plaintiff has been shown. Accordingly, Atkins has established good cause to set aside the April 2, 2024 clerk's entry of default as to Plaintiff's claims against her.

---

[2] R. Doc. 80. The time for Plaintiff to respond to the Rule 12(b)(6) Motion to Dismiss on Behalf of Christopher Darden (R. Doc. 74) has now expired.
[3] R. Docs. 42, 43, 47. Atkins also filed a Rule 12(b)(6) Motion to Dismiss less than a week later. R. Doc. 56.
[4] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[5] R. Doc. 56.

*Motions to Dismiss Claims Against Individual Defendants (R. Docs. 56, 65, 74)*

Plaintiff states that she worked for Entergy Services, LLC ("Entergy") from August 12, 2019 until she was constructively discharged in May 2022.[6] She claims to have experienced discrimination and retaliation at the hands of fifteen individual defendants at various times throughout her nearly four-year employment with Entergy, and brings her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Louisiana Employment Discrimination Law ("LEDL").[7] Each individual defendant has filed a motion to dismiss Plaintiff's claims for failure to state a claim.[8] The primary arguments for dismissal of Plaintiff's claims against these defendants are: 1) no individual defendant is an "employer" as that term is used under Title VII;[9] 2) to the extent Plaintiff brings a claim against the individual defendant under the ADA, there is no individual liability under that Act;[10] 3) the LEDL also only provides a cause of action against an employer, not an individual employee;[11] and 4) Plaintiff did not timely file suit under the LEDL.[12] The first three of these legal arguments support dismissal of Plaintiff's claims against the individual defendants.[13] Accordingly,

---

[6] R. Doc. 8-1, pp. 8, 11.
[7] *See*, R. Doc. 8, p. 3.
[8] R. Docs. 56, 65, 74.
[9] R. Docs. 56-1, p. 4; 65-1, pp. 7-8; 74-1, pp. 3-4, citing *e.g., Washington v. Louisiana*, No. 11-334, 2013 WL 5460331, at *3 (M.D. La. Sept. 30, 2013) (dismissing Title VII claims against individual defendants because they are not "employers" within the meaning of the statute) (citing *Foley v. Univ. of Hous. Sys.*, 335 F.3d 333, 340 (5th Cir. 2003) and *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.")).
[10] R. Docs. 56-1, p. 5; 65-1, pp. 8-9; 74-1, p. 4, citing *e.g., Jaurdon-Simmons v. Tramontin*, No. 20-435, 2020 WL 8085100, at *3 (M.D. La. Dec. 9, 2020), report and recommendation adopted, 2021 WL 76962 (M.D. La. Jan. 8, 2021) ("District courts in the Fifth Circuit have also held that individual employees cannot be liable with respect to any claims under the ADA, which adopts the definition of 'employer' used in Title VII and the ADEA.")(citations omitted).
[11] R. Docs. 56-1, p. 5; 65-1, p. 9; 74-1, p. 4, citing *e.g., Fowler v. Bilfinger Inc. et al.*, No. 23-516-, 2024 WL 1340657 (M.D. La. Mar. 7, 2024), report and recommendation adopted, 2024 WL 1335652 (M.D. La. March 27, 2014) (citing *Johnson v. C.H. Wilkinson Physician Network*, No. 17-534, 2017 WL 3425799, at *4 (W.D. La. July 17, 2017), report and recommendation adopted, 2017 WL 3403665 (W.D. La. Aug. 7, 2017) (citation omitted)).
[12] R. Docs. 56-1, pp. 5-6; 65-1, p. 9; 74-1, p. 5, citing *e.g., Messenger v. Boston Sci. Corp.*, No. 18-827, 2020 WL 60242, at *13 (Jan. 6, 2020) (deGravelles, J) ("[T]he total amount of time that a plaintiff has to bring a claim under [the LEDL] is eighteen months" based on the one year prescriptive period which is suspended for no longer than six months during the pendency of review or investigation of the claim by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights.) (citations omitted).
[13] It is not necessary to reach the issue of whether Plaintiff's claims against the individual defendants under the LEDL

4

dismissal with prejudice as to these claims is recommended.[14]

***Partial Motion to Dismiss Claims Against Defendant Entergy (R. Doc. 66)***

Entergy also seeks a partial dismissal of Plaintiff's federal claims against it that arose before October 21, 2021, as well as dismissal of Plaintiff's LEDL claims. Entergy argues those claims are time-barred. In Louisiana, a claimant has a 300-day period to file an EEOC charge. The time starts on the day a discrete retaliatory or discriminatory act happened.[15] Plaintiff filed her charge of discrimination on August 17, 2022. 300 days before that date is October 21, 2021. Plaintiff's complaints about four promotion denials (March 5, March 19, October 8, and October 15, 2021) that occurred earlier than October 21, 2021 are time barred.[16] Any claim for retaliatory or discriminatory acts occurring before October 21, 2021 should be dismissed with prejudice.

A cause of action under the LEDL is subject to a one-year prescriptive period. That period is suspended while administrative review or investigation of the claim is being conducted either by the EEOC or by the Louisiana Commission on Human Rights; however, the maximum time for the suspension of the prescriptive period is six months.[17] Although Plaintiff filed suit within 90 days of the date of the Determination and Notice of Rights, issued by the federal Equal Employment Opportunity Commission on September 7, 2023, which states, in relevant part "**your**

---

are also prescribed since those claims are subject to dismissal because the individual defendants were not Plaintiff's employer within the meaning of the statute.

[14] Although Plaintiff is representing herself, and normally unrepresented parties should be given a chance to amend their claims, Plaintiff has already filed an Amended Complaint in this case and, because it does not appear that any defendant is subject to individual liability for the claims asserted under Title VII, the ADA, or the LEDL, any further amendment as to these claims would be futile. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

[15] *Barnett v. Louisiana Dept. of Health*, No. 17-1793, 2023 WL 2467877, at **5-6 (M.D. La. March 10, 2023) (deGravelles, J.) (citations omitted).

[16] This includes any federal claims against Entergy related to Plaintiff's interactions with Defendant Nick Winiewicz, which ended, at the latest, in December 2020.

[17] La. R.S. 23:303(D) provides as follows: "Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months."

**lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**"),[18] the 90-day period is only applicable to Plaintiff's federal claims, not to her LEDL claims. Giving the maximum benefit of the one-year prescriptive period and six months suspension for administrative review, "a plaintiff has a maximum of 18 months from the date of the last allegedly discriminatory act to file suit [under the LEDL]."[19] Here, as Plaintiff did not file suit within 18 months of her alleged constructive discharge on May 23, 2022,[20] her claims against Entergy under the LEDL are prescribed and should also be dismissed with prejudice.[21]

As Plaintiff Lakeshia Williams failed to timely respond to any of Defendants' pending motions, and as all motions appear to have merit,

**IT IS RECOMMENDED** that the Rule 55(c) Motion to Set Aside Default and for Extension of Time to Plead, filed by Defendant Shayla Atkins[22] be **GRANTED IN PART** and that the clerk's entry of default,[23] entered against Defendant Shayla Atkins, be set aside for good cause shown.[24]

**IT IS FURTHER RECOMMENDED** that the Rule 12(b)(6) Motions to Dismiss, filed by the individual defendants,[25] be **GRANTED** and that all Plaintiff's claims against the following Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim: Shayla Atkins, Nicholas Winiewicz, Marlon Merritt, Robert Moore, Kya Moller, Melanie Fite, Jason Rees, Amy Amerson, Angela Stripling, Trené Beasley, Allen East, Scott Becnel, Joshua Vance, Eric Vickers,

---

[18] R. Doc. 1-2, p. 2 (all emphasis in original).
[19] *O'Neal v. Cargill*, 178 F.Supp.3d 408, 417 (E.D. La. April 12, 2016).
[20] The 18-month period expired on November 23, 2023, which was Thanksgiving. Even giving Plaintiff the benefit of additional time for the holiday, her claims under the LEDL, which were not filed until December 5, 2023, are not timely.
[21] *See Staples v. Reckamp*, No. 04-2607, 2005 WL 3536281, at *1 (W.D. La. Dec. 22, 2005) (dismissing with prejudice prescribed employment discrimination claims under the LEDL).
[22] R. Doc. 47.
[23] R. Doc. 43.
[24] An extension of time to plead is not necessary as Defendant Atkins filed a Motion to Dismiss, which defers the time to file a responsive pleading until 14 days after notice of the Court's action on the Motion to Dismiss (Federal Rule of Civil Procedure 12(a)(4)(A)), and no responsive pleading will be due if the recommendation to dismiss Plaintiff's claims against Atkins is adopted.
[25] R. Docs. 56, 65, 74.

and Christopher Darden.

**IT IS FURTHER RECOMMENDED** that the Rule 12(b)(6) Motion for Partial Dismissal on Behalf of Entergy Services, LLC[26] be **GRANTED**, **DISMISSING WITH PREJUDICE** only Plaintiff's claims against Entergy under Title VII and the ADA, arising before October 21, 2021.

**IT IS FURTHER RECOMMENDED** that this matter be referred to the undersigned for entry of a scheduling order on Plaintiff's remaining federal claims against Entergy Services, LLC, arising after October 21, 2021.

**IT IS ORDERED** that the Clerk of Court shall transmit this Notice and Order to Plaintiff Lakeshia Williams, at the address listed on PACER, by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on June 25, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 66.